# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHARLES DILLINGHAM,

        Petitioner,  :  Case No. 1:13-cv-468

  - vs -                  Chief Judge Susan J. Dlott
                              Magistrate Judge Michael R. Merz

WARDEN, CHILLICOTHE CORRECTIONAL
  INSTITUTION,
                              :
        Respondent.

# ORDER DENYING MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (Doc. No. 25).

Petitioner brought this action *pro se* under 28 U.S.C. § 2254 pleading four grounds for relief:

> **Ground One:** The trial court abused its discretion by not granting an acquittal when the evidence is insufficient to prove a guilty conviction beyond a reasonable doubt in violation of Petitioner's Fifth and Fourteenth Amendments to the United States Constitution.
>
> **Ground Two:** The court abused its discretion when it did not merge allied offenses of similar import for felonious assault and weapons under disability in violation of Petitioner's Fifth and Fourteenth Amendments to the United States Constitution.
>
> **Ground Three:** The court abused its discretion by denying the motion for new trial based on the grounds of newly discovered evidence in violation of the Fifth, Sixth, and Fourteenth Amendment[s] to the United States Constitution.

>**Ground Four:** Trial counsel provided ineffective assistance of counsel by failing to investigate witnesses and information provided by appellant.

(Petition, Doc. No. 8.)

On February 11, 2014, Magistrate Judge Stephanie L. Bowman, to whom this case was then assigned, denied Petitioner's "Second Motion for an Additional Lodgment" including his request for an evidentiary hearing in this case (Doc. No. 24). Judge Bowman's denial of an evidentiary hearing was based on the Supreme Court's decision in *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011), and subsequent cases applying *Pinholster*. Dillingham now asserts that *Pinholster* does not apply so as to bar an evidentiary hearing in this case (Motion for Reconsideration, Doc. No. 25).

By the term "lodgment," Dillingham apparently means to request an expansion of the record to include "any statement's [sic] that the State of Ohio or Respondent might have of Kimberly Roberson." (Motion for Additional Lodgment, Doc. No. 18, PageID 859.) "Lodgment" is not a term used in habeas corpus cases, but Dillingham made clear to Judge Bowman the relief he sought.

"As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3rd Cir. 1985). Dillingham suggests no new evidence discovered since Judge Bowman's ruling on February 11, 2014, and in fact he filed his Motion only nine days later. Nor does he cite any intervening authority. Therefore to prevail he must show Judge Bowman committed a "manifest error of law."

To do so, he cites Justice Sotomayor's dissenting opinion in *Pinholster* where she suggests that the case does not bar an evidentiary hearing on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), when the state court itself is the cause of a petitioner's failure to develop the facts in state court (Motion for Reconsideration, Doc. No. 25, PageID 925). Petitioner cites to "See generally Tr. of Oral Arg. in *Bell v. Kelly*, O.T. 2008, No. 07-1223." The quoted matter here is a verbatim quotation from Justice Sotomayor's dissent in *Pinholster*, 131 S. Ct. at 1417, n. 5. *Bell v. Kelly* was itself dismissed by the Supreme Court on a determination that certiorari had been improvidently granted. 555 U.S. 55 (2008). The entire footnote in *Pinholster* reads:

> Of course, § 2254(d)(1) only applies when a state court has adjudicated a claim on the merits. There may be situations in which new evidence supporting a claim adjudicated on the merits gives rise to an altogether different claim. See, e.g., Reply Brief for Petitioner 10-11 (evidence withheld by the prosecutor relating to one claim may give rise to a separate claim under *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)). The majority opinion does not foreclose this possibility. I assume that the majority does not intend to suggest that review is limited to the state-court record when a petitioner's inability to develop the facts supporting his claim was the fault of the state court itself. See generally Tr. of Oral Arg. in Bell v. Kelly, O. T. 2008, No. 07-1223.

131 S. Ct. at 1417, n. 5. Dillingham claims he comes within this language of Justice Sotomayor's because there is new evidence that he is not guilty – Ms. Roberson's statements in interviews – which support his claim in Ground One that there was insufficient evidence and are themselves evidence of a *Brady* claim because the State has not disclosed them as yet.

That particular portion of Justice Sotomayor's opinion was joined by Justices Ginsburg and Kagan, but not by a majority of the Court. In other words, the Supreme Court, which only speaks by majority vote, has not endorsed any "*Brady* exception." Dillingham relies in addition on *Winston v. Kelly*, 592 F.3d 535 (4th Cir. 2010), and *Wilson v. Workman,* 577 F.3d 1284 (10th

Cir. 1009). But both of these cases predate *Pinholster* and are not authority for finding an exception to its holding.

Dillingham also cites *Smith v. Cain*, 708 F.3d 628 (5th Cir. 2013), and *Blue v. Thaler*[1], 665 F.3d 647 (5th Cir. 2011), both cases decided since *Pinholster*. In *Smith*, the court held that, once a federal habeas court decided, solely on the basis of the state court record, that the state court had unreasonably applied Supreme Court precedent, then its decision was no longer entitled to deference under 28 U.S.C. § 2254(d)(1) and the habeas court could hold an evidentiary hearing under 28 U.S.C. § 2254(e)(2). That holding is completely consistent with this Court's understanding of the majority opinion in *Pinholster*. In *Blue* the court found no abuse of discretion in denying an evidentiary hearing in a case involving a claim under *Atkins v. Virginia,* 536 U.S. 304 (2002), where the state court determination was entitled to AEDPA deference.

Thus to conclude Dillingham was entitled to an evidentiary hearing under *Pinholster*, this Court would have to decide first that the state court's decision on the *Brady* claim was not entitled to AEDPA deference either on the law under 28 U.S.C. § 2254(d)(1) or the facts under § 2254(d)(2). No such decision has been made. Therefore Judge Bowman's denial of an evidentiary hearing at the point that question was presented to her was not a "manifest error of law."

June 5, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] Misspelled "Thaker" in the Motion.