# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHARLES DILLINGHAM,

                Petitioner,      :                    Case No. 1:13-cv-468

    - vs -                                 Chief Judge Susan J. Dlott
                                      Magistrate Judge Michael R. Merz

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,

                               :
                     Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 35) to the Magistrate Judge's Report and Recommendations recommending the Petition in this case be dismissed with prejudice (the "Report," Doc. No. 33). Chief Judge Dlott has recommitted the case for reconsideration in light of the Objections (Doc. No. 36).

**Ground One:  Sufficiency of the Evidence**

In his First Ground for Relief, Dillingham asserts he was convicted on insufficient evidence of his identity as the person who did the shooting at the Grub Pub. As noted in the Report, this states a claim for relief under the Fourteenth Amendment as applied in *Jackson v. Virginia*, 443 U.S. 307 (1979). It was raised on direct appeal from the conviction. However, the Twelfth District Court of Appeals considered the testimony of a number of witnesses who identified Dillingham as the shooter. Applying the correct constitutional standard, the court of

1

appeals found there was sufficient evidence from which a reasonable factfinder could have found beyond a reasonable doubt that Dillingham was the shooter. *State v. Dillingham,* 2011-Ohio-6348, 2011 Ohio App. LEXIS 5210 (12th Dist. Dec. 12, 2011)("*Dillingham I*"). The Report recommended deference to this decision under 28 U.S.C. § 2254(d)(1).

Dillingham objects that neither the court of appeals nor the Report recites the cross-examination testimony of Natasha Ness, a bartender at the location where the shooting occurred, in which her identification testimony is impeached. He asserts failure to discuss this testimony means he did not receive a fair adjudication of this claim. However, there is no due process right to have certain testimony specifically quoted in an appellate decision and the fact it was not quoted does not imply it was not considered by either this Court or the court of appeals, or for that matter the trial judge. This case was tried to the bench. Whatever value the cross-examination had in impeaching Ms. Ness was for the trial judge to decide. The quoted cross-examination does not consist of her withdrawal or repudiation of her direct examination, nor is the direct testimony so inherently incredible that no reasonable fact finder could believe it. The fact that witnesses could not identify Dillingham from the surveillance tapes alone does not negate their ability to identify him based on other acquaintance. Ness had known him for years. Detective Erb had spent considerable time with him on the night of the shooting before it happened. Taken together, this evidence is constitutionally sufficient. Therefore the First Ground for Relief should be dismissed with prejudice.

**Ground Two:  Double Jeopardy**

In his Second Ground for Relief, Dillingham contends his conviction for both felonious assault and having a weapon while under a disability is precluded by the Double Jeopardy Clause because Ohio Rev. Code § 2941.25 makes these two offenses allied offenses of similar import for which only one conviction can be obtained.  This claim was raised on direct appeal  and decided adversely to Dillingham under the prevailing Ohio Supreme Court precedent, *State v. Johnson,* 128 Ohio St.3d 153 (2010).   This Court is bound by the Twelfth District's interpretation of *Johnson* and in any event that interpretation is not contrary to nor an unreasonable application of any clearly established United States Supreme Court law. Accordingly the Report recommended dismissing the Second Ground with prejudice.

Dillingham objects to the Twelfth District's interpretation of *Johnson*, but his objection makes it clear he does not understand what the Twelfth District decided.  Under Ohio Rev. Code § 2941.25, a person may be convicted and sentenced for two offenses if they are committed with a separate animus as to each.  Here the Twelfth District found that Dillingham chose to carry a firearm sometime earlier on the day of the shooting and then, having the gun, decided to use it to shoot the two victims.  He could have been convicted and sentenced for having a firearm while under a disability if he had been stopped by police for a traffic infraction earlier in the evening and the gun had been found on him.

Separately from the Ohio Rev. Code § 2941.25 analysis, the constitutional test under the Double Jeopardy Clause is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  The two offenses of which Dillingham was convicted have elements which

3

they do not share. One can be convicted of felonious assault with a firearm without being prohibited from having the firearm by virtue of a felony conviction; one can be convicted of having a weapon while under a disability without any proof the firearm was used to inflict harm on someone.

Ground Two is therefore without merit and should be dismissed with prejudice.

**Ground Three: Denial of New Trial/*Brady v. Maryland* Claim**

In his Third Ground for Relief, Dillingham asserts he is constitutionally entitled to a new trial on the basis of newly discovered evidence which was improperly withheld from him under *Brady v. Maryland*, 373 U.S. 83 (1963).

The Report found that this claim was procedurally defaulted because the Twelfth District had invoked Ohio's criminal *res judicata* rule against Dillingham and, in any event, he had not demonstrated any *Brady* violation.

Dillingham objects that the Roberson Affidavit on which he relies is outside the record on direct appeal and therefore was properly presented in a post-conviction petition and is not barred by *res judicata*. In making this argument, Dillingham ignores the finding of the court of appeals that there is no proof at all of when the Roberson Affidavit was created and therefore no proof it did not exist at the time of direct appeal. Of course if it did, it could have been added to the appellate record by a timely motion for new trial and *res judicata* would apply because it was not. The Ohio criminal *res judicata* doctrine applies to all issues which could have been raised on direct appeal and the Twelfth District held Dillingham had not shown this issue could not have been thus raised.

4

Entirely apart from the *res judicata* procedural default, the Twelfth District also held Dillingham had not shown he was prevented from discovering and presenting the Roberson Affidavit within 120 days of judgment. This was one of the bases on which it upheld the trial court's denial of leave to file a delayed new trial motion. The timely filing requirement is part of Ohio R. Crim. P. 33 and it was enforced against Dillingham here, providing a dispositive procedural default independent of the *res judicata* bar.

Finally, Dillingham has not shown the Twelfth District's decision on the merits of his *Brady* claim is objectively unreasonable. Roberson's Affidavit does not say someone besides Dillingham was the shooter, nor does it say he definitely was not. What it says instead is "I was asked if Chuck Dillingham was the shooter and I stated on both occasions that I could not at any time positively identify that it was him." (Return of Writ, Doc. No. 12, Ex. 18.) This is simply not exculpatory or impeaching evidence. While as Dillingham notes Roberson was present at the bar and perhaps might have been able to recognize the shooter, she did not. She didn't identify anyone else and she definitely did not rule Dillingham out.

Dillingham essentially objects that the State has not proven it did not commit a *Brady* violation because it has refused to produce Roberson's statements to the police. However, Roberson's Affidavit refutes that claim by saying she was never asked to sign any statements; the State cannot produce what does not exist. Moreover, assuming there are police officer's notes from the Roberson interviews (as opposed to signed statements from Roberson), they do not constitute *Brady* material unless they contain something far more favorable to Dillingham than the Roberson Affidavit, and there is no proof to that effect.

Ground Three for Relief should be dismissed with prejudice.

5

**Ground Four:  Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Dillingham claims he received ineffective assistance of trial counsel because his trial attorney did not call Roberson as a witness.  The Report rejected this Ground for Relief both as procedurally defaulted on two bases and on the merits.  The court of appeals reached the same conclusion.

Simply put, Dillingham cannot show prejudice because Roberson's testimony, assuming she testified as stated in her Affidavit, would not have added anything material to the defense for the reasons outlined under Ground Three.

**Certificate of Appealability**

The Report recommends that Dillingham be denied a certificate of appealability because reasonable jurists would not disagree with the conclusions, in the Report.  Dillingham objects that this amounts to a prohibited blanket denial even before he moved for a certificate of appealability.  See  *Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further.  *Banks v. Dretke*, 540 U.S. 668, 705 (2004);  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).

After the *Porterfield* and *Murphy* decisions cited above, the Supreme Court amended Rule 11 of the Rules Governing § 2254 Cases to provide that a district judge, when entering judgment in a habeas corpus case denying relief, must issue or deny a certificate of appealability whether or not the petitioner has asked for one.  To ensure that the assigned district judge will be able to enter judgment, magistrate judges make a recommendation on appealability when they recommended a disposition of a claim.

It is accurate, as Dillingham points out, that the Report recommends denying a certificate of appealability on all issues decided in the Report, but that was done after considering each of them separately.  To make it clear, the Magistrate Judge concludes reasonably jurists would not disagree with the recommended disposition of any of the claims or issues in the Petition. Therefore it is again respectfully recommended that the Court deny a certificate of appealability.

Jul 28 2014 3:32 PM

X _____
Michael R. Merz

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).