
# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHARLES DILLINGHAM,

        Petitioner,       :    Case No. 1:13-cv-468

  - vs -                              Chief Judge Susan J. Dlott
                                    Magistrate Judge Michael R. Merz

WARDEN, CHILLICOTHE CORRECTIONAL
  INSTITUTION,

                              :

        Respondent.

## ORDER

This habeas corpus case is before the Court on the Report and Recommendations of Magistrate Judge Michael R. Merz (Doc. No. 33), his Supplemental Report and Recommendations after recommittal (Doc. No. 37), and his Second Supplemental Report and Recommendations after further recommittal (Doc. No. 41). Petitioner has filed Objections to each of these Reports (Doc. Nos. 35, 39, & 43).

As required by Fed. R. Civ. P. 72(b)(3), the District Judge has reviewed *de novo* all portions of the Reports to which Petitioner has made objection.

Regarding the First Ground for Relief based on a claim of insufficient evidence, the Court agrees that there was adequate identification of Petitioner as the shooter to permit his conviction. A habeas court must give double deference to a finding of sufficient evidence under the Antiterrorism and Effective Death Penalty Act. *Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam*); *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Given that deferenc, the First Ground for Relief is without merit.

1

The court of appeals decision that Petitioner possessed the weapon he used to commit the assaults with a separate animus from the shootings themselves is an objectively reasonable application of Supreme Court Double Jeopardy precedent. Therefore the Second Ground for Relief must be dismissed with prejudice.

Petitioner's Third Ground for Relief on the basis of newly-discovered evidence is barred by Petitioner's procedural default in presenting this claim to the Ohio court of appeals on direct appeal. Ohio's criminal *res judicata* doctrine relied on by the court of appeals has been repeatedly upheld by the Sixth Circuit as an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994).

The Magistrate Judge's denial of an evidentiary hearing as sought by Petitioner is required by the Supreme Court's decision in *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011).

Petitioner's Fourth Ground for Relief claiming ineffective assistance of trial counsel is barred by his procedural default in not timely appealing to the Ohio Supreme Court. See *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

Based on the de novo review as reflected in this analysis, Petitioner's Objections are OVERRULED and the Magistrate Judge's Reports and Recommendations are ADOPTED. The Clerk will enter judgment herein dismissing the Petition with prejudice.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma*

*pauperis*.

October 30, 2014.

                                                                                    Susan J. Dlott
                                                                  Chief United States District Judge