# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHARLES DILLINGHAM,

        Petitioner,    :    Case No. 1:13-cv-468

- vs -

        District Judge Susan J. Dlott
        Magistrate Judge Michael R. Merz

WARDEN,
  Chillicothe Correctional Institution,

        :

        Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case, brought under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 57). Dillingham sought release from his convictions in the Butler County Common Pleas Court on weapons and assault charges (Petition, ECF No. 8, PageID 43, et seq.) On October 30, 2014, District Judge Dlott adopted the Magistrate Judge's recommendation to dismiss the Petition with prejudice and to deny Petitioner a certificate of appealability (ECF No. 48). Dillingham nonetheless appealed and the Sixth Circuit also denied him a certificate of appealability. *Dillingham v. Warden*, Case No. 14-4239 (6th Cir. Apr 4, 2016)(unreported; copy at ECF No. 54). Dillingham sought review in the United States Supreme Court which denied certiorari on May 1, 2017. *Dillingham v. Jenkins*, Case No. 16-8411 (May 1, 2017)(Notice of Denial, ECF No. 56). The instant Motion followed on June 12, 2017.

Dillingham's instant Motion is brought pursuant to Fed. R. Civ. P. 60(b)(6). As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for report and recommendations.

Dillingham argues he is entitled to relief from judgment because this Court misapplied the standard for granting or denying a certificate of appealability because "reasonable minds could have, and would have debated the constitutional claims raised. . . ." (ECF No. 57, PageID 1170.)

In his Petition, Dillingham pleaded he had been convicted on insufficient evidence (Ground One), been placed twice in jeopardy for the same crime because his weapons under disability charge and felonious assault charges should have been merged under Ohio Revised Code § 2941.25 (Ground Two), was improperly denied a new trial despite newly-discovered evidence (Ground Three), and ineffective assistance of trial counsel for failing to call Kimberly Roberson as a witness (Ground Four).

The Magistrate Judge concluded Grounds One and Two should be dismissed on the merits, that Grounds Three and Four were procedurally defaulted, and that those conclusions would not be disagreed with by reasonable jurists (Report & Recommendations, ECF No. 33, PageID 1082). In eventually dismissing the Petition, Chief Judge Dlott also concluded reasonable jurists would not disagree. *Dillingham v. Warden*, 2014 U.S. Dist. LEXIS 154087 (S.D. Ohio Oct 30, 2014)(original at ECF No. 48).

As noted above, Dillingham appealed and the Sixth Circuit also denied a certificate of appealability. That court expressly found that

> Reasonable jurists would not debate the district court's conclusion that the state courts' rejection of Dillingham's first two claims was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). Nor would reasonable jurists debate the district court's determination that Dillingham's remaining claims were procedurally defaulted. He failed to timely raise his claims in the state courts, and, absent any showing of cause or prejudice, forfeited review of those claims in a federal habeas corpus petition. *See Boyle v. Million,* 201 F.3d 711, 716 (6th Cir. 2000).

(Order, ECF No. 54, PageID 1165).

In his instant Motion, Dillingham attacks this Court's certificate of appealability decision on the basis *Buck v. Davis*, 580 U.S. \_\_\_, 137 S. Ct. 759, 197 L. Ed. 2d 1 (2017). In that case the Supreme Court held a circuit court should not decide the merits on an application for a certificate of appealability, but just the debatability question. To put the merits question first, the Court said, is to decide the merits of an appeal without jurisdiction to do so because appellate jurisdiction depends on there being an issued certificate of appealability.

Dillingham's reliance on *Buck* is misplaced. The jurisdiction of a circuit court over an appeal of a habeas decision adverse to the petitioner depends on there being a certificate of appealability. But that is not the case with the district courts. Our jurisdiction in habeas is original and depends on such facts as whether the petitioner is in custody and where, whether the custody is state or federal, and so forth. See 28 U.S.C. § 2241.

The requirement that a habeas petitioner obtain a certificate of appealability before appealing was enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). While that statute in terms places consideration of the appealability question in the hands of the circuit court, shortly after enactment the Sixth Circuit

3

decided district courts should decide the question in the first instance. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *see also Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). That requirement was reinforced when the Supreme Court amended Rule 11 of the Rules Governing Habeas Corpus Cases to require a district court "to issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the district court denies a certificate, the circuit court then considers that question *de novo*. It is only at that stage that the appealability question comes first as held in *Buck v. Davis*.

Obviously the habeas trial court cannot decide the appealability question first; it has to decide the merits first before it can decide whether its conclusions are debatable among reasonable jurists. See *United States v. Alford*, 2017 U.S. Dist. LEXIS 68236 (S.D. Ohio May 4, 2017); supplemented at 2017 U.S. Dist. LEXIS 75240 (S.D. Ohio May 17, 2017); *adopted sub. nom. Alford v. United States*, 2017 U.S. Dist. LEXIS 85079 (S.D. Ohio Jun 2, 2017). It was therefore not error for this Court to decide the merits of Dillingham's Petition before it denied him a certificate of appealability.

Dillingham also asserts this Court erred in denying the certificate of appealability and should reopen the judgment to reconsider that question on the merits. However, once this Court made a decision on appealability, its decision became moot because the Sixth Circuit decided that question *de novo*. In other words, if this Court's denial of a certificate is in error, that error is no longer relevant to the case because the Sixth Circuit decides the appealability question *de novo*. In this case the circuit court found this Court's conclusions were not debatable among reasonable jurists (ECF No. 54). That decision is now the law of the case which this Court must obey; we have no power to issue a certificate when the court of appeals has determined on the

same record that was before us that a certificate is not warranted.

Dillingham's Motion for Relief from Judgment fails for other reasons as well. He uses the Motion to reargue at length the merits of his insufficiency of the evidence claim. It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackermann v. United States*, 340 U.S. 193 (1950).

He accuses the Magistrate Judge and District Judge of committing "fraud on the court" in support of a claim under Fed. R. Civ. P. 60(b)(3). He does not explain how a court can defraud itself or offer any authority for that idea. Moreover, any request for relief under Fed. R. Civ. P. 60(b)(3) is untimely: Fed. R. Civ. P. 60(c) sets a one-year time limit for motions made under that subsection of the Rule and judgment was entered here October 30, 2014, whereas the instant Motion was not filed until June 12, 2017.

Dillingham also disputes this Court's resolution of Ground Three, the newly-discovered evidence claim. We found that claim barred by Dillingham's failure to raise it on direct appeal and the Ohio courts' application of Ohio's criminal res judicata doctrine. Dillingham argues that "Ohio courts have recognized that res judicata is not to be applied so rigidly as to defeat the ends of justice or as to work an injustice." (ECF No. 57, PageID 1174.) However, it is the **Ohio** doctrine of res judicata that is in issue. Once the Ohio courts applied that doctrine, it was not open to a habeas court to grant an exception on the basis of equity. A state procedural rule invoked to warrant a procedural default must be regularly followed. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

5

The *Perry* res judicata rule[1] has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003); *Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082 (2001); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). In *Beard v. Kindler*, 558 U.S. 53, 54 (2009), the Supreme Court held "a discretionary rule can serve as an adequate ground to bar federal habeas review." In *Walker v. Martin*, 562 U.S. 307 (2011), it held unanimously that a California rule that requires state habeas to be filed "as promptly as the circumstances allow" and without "substantial delay," confers discretion but does not mean the rule is not firmly established and regularly followed. Even if Ohio courts have discretion to ignore res judicata to prevent manifest injustice, that does not imply a federal habeas court can ignore invocation of res judicata by the Ohio courts.

Dillingham also asserts this Court "committed fraud on the court" when it overruled his double jeopardy claim. Here again the claim under Fed. R. Civ. P. 60(b)(3) is untimely and Dillingham has not explained how a court can defraud itself. On the merits, Dillingham argues that, because he could not have committed felonious assault with a firearm specification, the having weapons under disability claim should merge with the felonious assault claim under a *Blockburger v. United States*, 284 U.S. 299, 304 (1932), analysis. This shows that Dillingham does not understand *Blockburger*. It is certainly true that having a firearm is a necessary element of using a firearm to commit felonious assault. But, as the court of appeals held, Dillingham had already committed the crime of having weapons under disability by having the firearm on his

---

[1] *State v. Perry*, 10 Ohio St. 2d 175 (1967).

person before he shot anyone with it. Moreover, the crime of having weapons under disability has an element not found in the felonious assault statute even with a firearms specification, to wit, the prior conviction that creates the disability. To put it another way, a convicted felon violates the weapons under disability statute by having a weapon on his person, whether or not he shoots anyone with it. And the person who shoots someone with a firearm commits felonious assault with a firearm specification even if it is his first felony offense.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant Motion for Relief from Judgment be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 14, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).